UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ISMAIL ABDELLA,<br>         Plaintiff,<br><br>     vs.<br><br>CLAYTON POWELL, DAVE ELLITHORPE, ERIC ZERR, and CITY OF SEATTLE,<br>         Defendants. | No.<br><br><br><br>COMPLAINT |

The PLAINTIFF alleges as follows:

I.      **INTRODUCTION**

On August 2, 2012, Defendant Seattle Police Officer Clayton Powell shoved, threatened, and menaced Ismail Abdella during a police investigation into an incident that had nothing to do with Mr. Abdella.  Officer Powell's actions violated Mr. Abdella's rights to freedom of speech and to be free from excessive force.

Defendant Powell assaulted Mr. Abdella and later at the precinct holding cell threatened and menaced him while he was handcuffed in a jail cell.  Officer Dave Ellithorpe was present during the assault but did nothing to protect Mr. Abdella.  Sergeant Eric Zerr, Officer Powell's supervisor, allowed Officer Powell to confront Mr. Abdella, knowing that Officer Powell had already lost control while dealing with Mr. Abdella, and Sergeant Zerr did nothing to prevent Officer Powell

COMPLAINT - Page 1 of 9

from threatening and menacing Mr. Abdella in an apparent effort to interfere with Mr. Abdella's exercise of his rights to free speech.

## II. PARTIES

1. Ismail Abdella ("Abdella") is the Plaintiff in this action. He is a resident of King County, Washington.
2. Defendant Clayton Powell ("Powell") was at the time of the incident giving rise to this complaint a Seattle Police Officer, employed by the City of Seattle.
3. Defendant Dave Ellithorpe ("Ellithorpe") was at the time of the incident giving rise to this complaint a Seattle Police Officer, employed by the City of Seattle.
4. Defendant Eric Zerr ("Zerr") was at the time of the incident giving rise to this complaint a Seattle Police Sergeant, employed by the City of Seattle.
5. Defendant City of Seattle ("City") is a municipality in the County of King, Washington, responsible for the Seattle Police Department and all of its officers.

## III. JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's rights under the First, Fourth, and Fourteenth Amendments to the U.S. Constitution, and pursuant to various state law claims.
2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332, 1343, and 1367.
3. Venue is properly set within this district pursuant to 28 U.S.C. § 1391.
4. The events upon which this suit is based occurred in this judicial district.
5. Plaintiff believes, and on that basis alleges, that each of the named defendants resides in this judicial district.
6. Pursuant to RCW 4.96 et seq, the Plaintiff has served the City of Seattle with a claim for damages. More than 60 days have elapsed since the claim for damages was served on the City of Seattle. Plaintiff has therefore properly exhausted his claims against the City of Seattle.



CARNEY GILLESPIE ISITT PLLP
100 W. HARRISON ST. SUITE N440
SEATTLE, WA 98119
T 206 445•0207
F 206 260•2486

IV. **OPERATIVE FACTS**

1. On August 2, 2012, Ismail Abdella was part of a group of young men playing basketball in John C. Little Park in South Seattle.
2. Officer Clayton Powell and other officers of the Seattle Police Department arrived at the park to investigate a reported incident involving an Airsoft gun. Nobody at the park was ever arrested or further investigated in connection with this report.
3. Abdella told the officers that he and the other men were playing basketball and just wanted to be left alone.
4. Powell became very angry and removed his badge and hat, challenging Abdella to a street fight.
5. Powell verbally challenged Abdella to punch or assault Powell, but Abdella did not do so.
6. Powell then grabbed Abdella and threw him onto the hood of a vehicle and struck him.
7. Following this excessive use of force by Officer Powell witnesses began video-recording the incident.
8. Powell shoved Abdella forcefully three times.
9. Powell screamed inches away from Abdella's face.
10. Abdella shouted back at Powell.
11. Powell claims that Abdella spit at him as Abdella yelled back; Abdella denies this.
12. Powell then shoved or struck Abdella a fourth time.
13. Throughout Powell's assault of Abdella, Adbella kept his hands raised and away from his body to show a nonviolent intent and made no effort to strike or even touch Powell.
14. Following Powell's assault of Abdella, Ellithorpe handcuffed Abdella.
15. After Abdella was in handcuffs, Powell grabbed Abdella by the hair.
16. While holding Abdella's hair, Powell shoved Abdella's face into the hood of a police car, causing pain and injury.
17. None of the other officers present intervened between Powell and Abdella or even reacted as if Powell's actions were inappropriate. The other officers had a reasonable opportunity to intervene, but they did not do so.

**COMPLAINT** - Page 3 of 9



18. After Abdella was taken to a holding cell at the South Precinct, Powell told Sergeant Zerr that Powell "just lost [his] cool," in reference to the interaction with Abdella.

19. Zerr did not remove Powell from the situation or otherwise make any effort to intervene in Powell's ongoing violations of Abdella's rights but rather allowed Powell to remain at the station and interact with Abdella several times.

20. At all times while in the holding cell, Abdella was sitting with his hands handcuffed behind him.

21. Powell knew that Zerr would imminently interview Abdella about the incident and Powell's conduct.

22. In the first few minutes after Abdella was placed in the holding cell, Powell walked by several times, opening the door and made hand gestures towards Abdella, including displaying his middle finger in a vulgar gesture towards Abdella.

23. Subsequently, Powell walked into the cell, while Abdella was alone, and charged at Abdella, menacing him with a clenched fist and punching motion that stopped just short of Abdella's face. Powell then made another violent and threatening gesture within inches of Abdella's face.

24. Powell verbally threatened to harm Abdella during this encounter and reminded Abdella that Powell knew where Abdella lives.

25. Powell's threats and violent displays against Abdella immediately preceded Zerr's interview of Abdella concerning Powell's conduct.

26. When Zerr interviewed Abdella, Zerr allowed Powell to remain within hearing of the statements that Abdella made.

27. Later, Seattle Police Lieutenant Michael Magee spoke to Abdella in the holding cell, Abdella expressed concern that Officer Powell might come after him again. It was only at this point that Powell was sent home.

28. Abdella was released from custody without charges a short time later. Abdella has never been charged with any crime arising out of the incident.



29. Prior to being hired by the City, Powell several times failed to pass tests to become an officer. On information and belief, the failures demonstrated Powell's inability to properly process information during stressful situations in the field.

30. As a result, the City knew or should have known that Powell was not fit to be a police officer.

31. The actions and omissions of defendants set out in all paragraphs above were done under color of the laws of the State of Washington and pursuant to and as a result of the policies, customs and practices of the City of Seattle.

32. At all relevant times Defendants Powell, Ellithorpe, and Zerr were acting within the scope of their employment with the City of Seattle.

33. As a result of the actions of all Defendants, Abdella suffered physical pain and emotional distress.

V. **CAUSES OF ACTION**

A) **42 U.S.C. § 1983 CLAIM AGAINST DEFENDANT POWELL: VIOLATION OF PLAINTIFF'S RIGHT TO BE FREE FROM EXCESSIVE USE OF FORCE.**

1) Defendant Powell acted under color of law and with deliberate indifference to the rights of Plaintiff.

2) Defendant Powell's acts deprived Plaintiff of his right to be free from the excessive use of force.

3) Defendant Powell's unjustified and excessive use of force deprived Plaintiff of his constitutionally protected rights, and was the direct and proximate cause of damages to Plaintiff as alleged in this Complaint.

B) **42 U.S.C. § 1983 CLAIM AGAINST DEFENDANT POWELL: VIOLATION OF PLAINTIFF'S RIGHT TO FREEDOM OF SPEECH UNDER THE FIRST AMENDMENT.**

1) Plaintiff's speech to Defendant Powell was protected under the First Amendment.

2) Defendant Powell took action against Plaintiff.

3) Chilling Plaintiff's protected speech was a substantial or motivating factor for Defendant Powell's action.



CARNEY GILLESPIE ISITT PLLP
100 W. HARRISON ST. SUITE N440
SEATTLE, WA 98119
T 206 445•0207
F 206 260•2486

4) In committing the acts complained of, Defendant Powell acted with deliberate indifference and under color of state law to deprive Plaintiff of his constitutionally protected rights to free speech.

5) Defendant Powell's actions were a direct and proximate cause of damages to Plaintiff as alleged in this complaint.

C) **42 U.S.C. § 1983 CLAIM AGAINST DEFENDANT ELLITHORPE: FAILURE TO INTERVENE.**

1) Defendant Ellithorpe knew that Plaintiff's constitutional rights as outlined above were being violated by Powell.

2) Defendant Ellithorpe had a reasonable opportunity to prevent the violation.

3) Defendant Ellithorpe did not to act to protect Plaintiff.

4) In committing the acts complained of, Defendant Ellithorpe acted with deliberate indifference and under color of state law to deprive Plaintiff of his constitutionally protected rights to be free from the excessive use of force.

5) Defendant Ellithorpe's actions were the direct and proximate cause of damages to Plaintiff as alleged in this complaint.

D) **MUNICIPAL LIABILITY CLAIM PURSUANT TO 42 U.S.C. § 1983 AGAINST DEFENDANT CITY OF SEATTLE: FAILURE TO TRAIN.**

1) The acts of Defendants Powell, Ellithorpe, and Zerr deprived Plaintiff of his particular rights to be free from excessive force and/or to freedom of speech under the Constitution.

2) Defendants Powell, Ellithorpe, and Zerr acted under color of law.

3) The training policies of Defendant City were not adequate to train its police officers to handle the usual and recurring situations with which they must deal.

4) The failure of the Defendant City of Seattle to provide adequate training caused the deprivation of Plaintiff's rights by the named Defendants; Defendant City of Seattle's failure to train is so closely related to the deprivation of Plaintiff's rights as to be the moving force that caused the ultimate injury.

COMPLAINT - Page 6 of 9



5) The Defendant City was deliberately indifferent to the obvious consequences of its failure to train its police officers adequately.

6) The City's failure to train was a direct and proximate cause of damages to Plaintiff as alleged in this complaint.

E) **SUPERVISORY LIABILITY AGAINST SERGEANT ZERR IN HIS INDIVIDUAL CAPACITY PURSUANT TO 42 U.S.C. § 1983 FOR FAILURE TO SUPERVISE.**

1) Defendant Zerr acted under color of law.

2) The acts of Defendant Zerr's subordinate Defendant Powell deprived Plaintiff of his particular rights to be free from excessive use of force and to freedom of speech under the United States Constitution.

3) Defendant Zerr directed his subordinates by action or inaction in the acts that deprived Plaintiff of these rights.

4) Defendant Zerr set in motion a series of acts of Defendant Powell that he knew or reasonably should have known would cause the subordinates to deprive Plaintiff of these rights.

5) Defendant Zerr knew, or reasonably should have known, that his subordinate Defendant Powell were engaging in these acts and that their conduct would deprive the plaintiff of these rights, but Defendant Zerr failed to prevent his subordinates from engaging in such conduct.

6) Defendant Zerr failed to properly train, supervise, or control his subordinate Defendant Powell.

7) Defendant Zerr's actions or inaction showed reckless and callous indifference to the rights of Plaintiff.

8) Defendant Zerr's actions or inaction were a direct and proximate cause of damages to Plaintiff as alleged in this complaint.

F) **STATE COMMON LAW LIABILITY AGAINST DEFENDANT CITY OF SEATTLE: NEGLIGENT HIRING AND RETAINING DEFENDANT POWELL.**

1) Defendant Powell was unfit to be a police officer when he was hired by Defendant City.

CARNEY GILLESPIE ISITT PLLP
100 W. HARRISON ST. SUITE N440
SEATTLE, WA 98119
T 206 445•0207
F 206 260•2486

2) Defendant City, in the exercise of reasonable or ordinary care, should have known of Defendant Powell's unfitness at the time of hiring or retaining him.

3) Defendant City knew, or in the exercise of reasonable or ordinary care, should have known that Defendant Powell presented a risk of danger to others.

4) The actions of Defendant City were a direct and proximate cause of damages to Plaintiff as alleged in this complaint.

**G) STATE LAW CLAIM OF OUTRAGE AGAINST ALL DEFENDANTS.**

1) Defendants intentionally or with reckless indifference to the well-being of Plaintiff, inflicted severe emotional distress upon him.

2) The actions of the Defendants are so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and be regarded as atrocious and utterly intolerable in a civilized community.

3) The outrageous actions of Defendants Powell, Ellithorpe, and Zerr were a direct and proximate cause of damages to Plaintiff as alleged in this complaint.

4) Defendant City is vicariously liable for the actions of its agents Powell, Ellithorpe, and Zerr, as alleged in this claim.

**H) STATE LAW CLAIM OF ASSAULT AGAINST DEFENDANT POWELL**

Defendant Powell intentionally assaulted Plaintiff with unlawful force.

**VI.   JURY DEMAND**

Plaintiff demands a trial by jury.

**VII.   PRAYER FOR RELIEF**

Having stated his claims against Defendants, Plaintiff prays for the following relief:

1. Judgment against the defendants for compensatory damages, including general and special damages, in an amount to be proven at trial;

2. Judgment against Defendants Powell, Ellithorpe, and Zerr for punitive damages;

3. An award of costs and attorney's fees, as provided in 42 U.S.C. 1988, and other provisions of statutory and common law; and

4. For such other relief as the Court may deem just and equitable.



CARNEY GILLESPIE ISITT PLLP
100 W. HARRISON ST. SUITE N440
SEATTLE, WA 98119
T 206 445•0207
F 206 260•2486

Dated: 5/28/2013.

                CARNEY GILLESPIE ISITT PLLP

                /s/Kenan Isitt
                Kenan Isitt, WSBA No. 35317

                /s/Sean Gillespie
                Sean Gillespie, WSBA No. 35365

                /s/Christopher Carney
                Christopher Carney, WSBA No. 30325
                Attorneys for Plaintiff Ismail Abdella

**COMPLAINT** - Page 9 of 9

